IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK K. FULLER,

                        Plaintiff,

  v.                                                      OPINION and ORDER

CAROLYN COLVIN,
Acting Commissioner of the Social Security                        23-cv-585-jdp
Administration,

                        Defendant.[1]

---

      Plaintiff Mark K. Fuller seeks judicial review of a final decision of defendant Carolyn Colvin, Acting Commissioner of the Social Security Administration, finding that Fuller was not disabled within the meaning of the Social Security Act. Fuller contends that administrative law judge (ALJ) Guila Parker erred by failing to adequately consider evidence related to both physical and mental limitations and by failing to explain the basis for estimates about the number of jobs available to Fuller.

      The court will affirm the decision because the ALJ's assessment of Fuller's physical and mental limitations is supported by substantial evidence. The court need not decide whether the ALJ's job estimates are supported because the ALJ also concluded that the ALJ could perform his past work as chef or cook, and that determination did not rely on job estimates.

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

BACKGROUND

Fuller applied for disability benefits, alleging disability beginning in June 2020. R. 20.[2] In a February 2023 decision, the ALJ found that Fuller suffered from one severe impairment: degenerative disc disease of the lumbar spine. R. 20. In light of that impairment, the ALJ found that Fuller had the residual functional capacity (RFC) to perform medium work with the additional restriction of no more than frequent stooping. R. 24. This meant that Fuller could perform his past work as a chef or cook. R. 29. In the alternative, the ALJ relied on the testimony of a vocational expert to find that Fuller could perform jobs that are available in significant numbers in the national economy, such as counter supply worker, dining room attendant, and kitchen helper. R. 29–30.

Fuller now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

Fuller raises three issues on appeal: (1) the ALJ's RFC assessment was not supported by substantial evidence; (2) the ALJ failed to explain why the RFC assessment does not include

---

[2] Record cites are to the administrative transcript located at Dkt. 7.

any restrictions for mental limitations; and (3) the vocational expert did not identify the basis for the job data he provided. The court concludes that the RFC assessment is supported by substantial evidence and that the ALJ adequately explained why the RFC assessment did not include any restrictions for mental limitations. This makes it unnecessary to consider the third issue. Fuller's argument about the vocational expert relates to the ALJ's analysis regarding whether jobs the claimant can perform are available in significant numbers in the national economy. But the ALJ also determined Fuller could perform his past job as a chef or cook, and that determination did not rest on the job data that Fuller is challenging.

**A.   Substantial evidence for RFC related to physical abilities**

Fuller says that there was an "evidentiary gap" in the record because the ALJ did not rely on any medical opinions, and there was new evidence that none of the medical experts considered, so substantial evidence does not support the RFC assessment. Instead, Fuller says that the ALJ simply "played doctor" by using her own lay opinions to determine Fuller's RFC.

The court understands Fuller's objection to be about his physical limitations. The ALJ relied on the state agency consultants when considering Fuller's mental limitations, and the new evidence Fuller cites relates to his physical limitations.

No expert concluded as the ALJ did that Fuller could perform medium work with no more than frequent stooping. But this does not mean that the ALJ erred. As an initial matter, none of the experts gave an opinion that supported a finding of disability. The state-agency consultants determined that Fuller had *no* physical limitations that required accommodation. R 61, 68. A physician examined Fuller in September 2021 and concluded that "there are no clinical indications to support impairment and limitations." R. 341. No treating physician offered any opinion. "There is no error when there is no doctor's opinion contained in the

3

record that indicated greater limitations than those found by the ALJ." *Best v. Berryhill*, 730 Fed. Appx. 380, 382 (7th Cir. 2018) (internal quotation marks and alterations omitted).

In any event, an ALJ does not have to adopt any of the medical opinions, so long as the decision is otherwise supported by substantial evidence. *See Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007). In this case, the ALJ relied primarily on medical records and Fuller's own statements and conduct to support the RFC assessment. Specifically, Fuller's examinations and tests were unremarkable, he generally denied significant pain, he went to the gym regularly, he lifted "heavy items" while performing yard work, and he worked up to 50 hours a week doing catering events. R. 25–28.

The ALJ acknowledged Fuller's subjective complaints, such as when he went to the emergency room for low back pain in June 2022. R. 26. But the examination and x-ray did not reveal a condition that could have caused that type of pain. *Id.* The ALJ also discussed Fuller's physical therapy and chiropractic treatment, observing that Fuller told his physical therapist after a few months that his pain "had completely gone away" and that his chiropractic examinations were unremarkable. R. 26–27. Fuller also complained of debilitating symptoms during the administrative hearing, but the ALJ stated that the "record does not sufficiently explain such a dramatic worsening in his condition." R. 27.

Fuller does not challenge the factual basis of the ALJ's reasoning. And the reasons the ALJ gave did not require him to interpret complex medical records or otherwise "play doctor." An ALJ may rely on the results of a claimant's physical examinations and his course of treatment without the aid of an expert. *See, e.g., Prill v. Kijakazi*, 23 F.4th 738, 750 (7th Cir. 2022); *Simila v. Astrue*, 573 F.3d 503, 519 (7th Cir. 2009).

Fuller says that the ALJ should have sought a new medical opinion to evaluate events that occurred after the date of the medical opinions in the record. This includes the 2022 emergency room visit, x-ray of Fuller's back, physical therapy, and chiropractic treatment. An "ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066–67 (7th Cir. 2023).

This argument fails because the ALJ did not rely on a medical opinion, so it does not matter if some of them were outdated. In any event, Fuller does not explain why he believes that any of the new evidence he cites was significant or reasonably could have changed any of the medical opinions. As already discussed, the ALJ explained why the new evidence did not support a finding of disability. Fuller points to no statement from a treatment provider suggesting that his condition had worsened since the dates of the medical opinions. In that situation, the ALJ is not required to obtain an updated opinion. *See Baptist v. Kijakazi*, 74 F.4th 437, 442–43 (7th Cir. 2023).

If Fuller means to contend that the ALJ did not adequately explain why the RFC assessment was *more* restrictive than the opinions of the medical experts, the court need not consider that issue. A claimant is not harmed if the ALJ finds that the claimant is more limited than what the evidence would suggest. *See, e.g., Olson v. Saul*, No. 20-cv-672-jdp, 2021 WL 1783136, at *3 (W.D. Wis. May 5, 2021). So any mistake on that issue would be harmless and would not require a remand.

B. **Restrictions for mental limitations**

Fuller contends that the ALJ erred by failing to include in the RFC assessment any mental health restrictions or explain why she did not include them. But the ALJ *did* explain

5

why she was not including any restrictions related to mental limitations. The ALJ acknowledged that Fuller had been diagnosed with seasonal affective disorder, and she discussed each of the areas of mental functioning, explaining why she agreed with the opinion of the psychological consultants that Fuller "has no more than a mild limitation" for any of the functional areas. R. 21–23, 28. Neither the psychological consultants nor a treating mental health professional recommended restrictions based on psychological symptoms.

Fuller cites cases such as *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010), for the proposition that the ALJ must incorporate even mild limitations into the RFC assessment. But Fuller is conflating a mild limitation on a category of mental functioning with a mild limitation on the ability to work. The ALJ must include in the RFC those limitations on the claimant's ability to work that are supported by the medical record. *See Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022). In this case, the ALJ explained why the record did not support any mental restrictions, including the minimal treatment Fuller received, his failure to complain to treatment providers about mental health symptoms, and the unremarkable results of his psychological examinations. R. 21–23.

Fuller cites no relevant evidence that the ALJ failed to consider or that would support additional limitations. "A claimant who does not identify medical evidence that would justify further restrictions is not entitled to remand." *Sosh v. Saul*, 818 F. Appx 542, 546 (7th Cir. 2020). Fuller has failed to show that the ALJ erred.

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment and close the case.

Entered January 16, 2025.

                            BY THE COURT:

                            /s/
                            _____
                            JAMES D. PETERSON
                            District Judge